NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1355
_____

ALBERT BATTISTE,

Appellant

v.

ARBORS MANAGEMENT, INC.; EQT INVESTMENTS, INC.;
THOMAS WAGNER; LINDA WAGNER; PATRICIA Q. RECKLITIS;
DONNA FONTANA; JANET ROMAGNA;
CHARLES MCANALLEN; GEORGE MCANALLEN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-11-cv-01096)
District Judge: Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2013

Before: SMITH, FISHER and CHAGARES, *Circuit Judges*.

(Filed: June 12, 2013 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Albert F. Battiste appeals from the District Court's dismissal of his claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"). For the reasons stated below, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Battiste's claims stem from loans he took out that were secured by junior mortgages on his rental properties. Battiste asserts that these loans were paid off but improperly reflected in Allegheny County's records, and that the lender exercised his right to the assignment of rents by collecting rent from Battiste's tenants. Battiste alleges that these rents were unlawfully taken because the mortgages had already been paid off and because the rents were not used to pay expenses related to the properties. Battiste sued defendants Arbors Management, EQT Investments, Thomas and Linda Wagner, Patricia Q. Recklitis, Donna Fontana, Janet Romagna, Charles McAnallen, and George McAnallen for, among other things, RICO violations including acts of mail fraud, money laundering, and tax evasion. The complaint alleges that these activities occurred between November 2006 and August 2007. The District Court dismissed the RICO claim pursuant to Federal Rule of Civil Procedure 12(b)(6). This appeal followed.

2

The District Court had jurisdiction over the RICO claim under 18 U.S.C. § 1964(c) and 28 U.S.C. § 1331.  We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Our review of an order dismissing a complaint for failure to state a claim on which relief may be granted is plenary.  *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).  In determining whether a proper claim has been stated, we "accept the factual allegations contained in the Complaint as true, but we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012).  Factual allegations, combined with reasonable inferences from those facts drawn in favor of the plaintiff, must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted) (internal quotation marks omitted).

III.

 In order to state a cognizable RICO claim, Battiste's complaint must plausibly allege the following elements:  "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 495-96 (1985).  The District Court held that Battiste had failed to properly allege a pattern.  We agree.

Under RICO, a pattern of racketeering activity must include the commission of at least two acts of racketeering activity that are related and create a threat of continued

criminal activity. *Id.* at 496 n.14. Continuity can take the form of a closed-ended scheme or an open-ended scheme. When the acts alleged occur in a specific, closed period of time, that period must be substantial. *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989). Although we have declined to provide a "litmus test" for what length of time would be substantial enough to give rise to a pattern, we have held that a twelve-month period was too short. *Hughes v. Consol-Pa. Coal Co.*, 945 F.2d 594, 611 (3d Cir. 1991).

In his complaint, Battiste only alleges conduct that occurred during a ten-month period. The complaint contains no allegation of additional or continuing criminal acts outside the period that ended in August 2007. As our case law makes clear and the District Court ably demonstrated, ten months is too short a period to constitute a "substantial period of time." Battiste has therefore failed to plausibly allege a pattern of racketeering activity.

IV.

For the foregoing reasons, we will affirm the order of the District Court.

4